IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASUL FREELAIN, <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF OAK PARK, a municipal corporation, SERGEANT DINA VARDAL, in her individual capacity, <br><br> Defendants. | No. 13 C 3682 <br><br> Judge Manish S. Shah <br><br> Magistrate Judge Daniel G. Martin |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON
COUNTS I, II, III AND IV OF THE SECOND AMENDED COMPLAINT**

Defendant, VILLAGE OF OAK PARK, by its counsel Rachel E. Lutner and Stephen R. Miller of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd, and for its Motion for Summary Judgment on Counts I, II, III and IV of the Second Amended Complaint states:

1. Rasul Freelain ("Freelain") is employed the Village of Oak Park ("Village") as a police officer. In 2012 and 2013, Freelain sought and was granted leave pursuant to the *Family and Medical Leave Act of 1993* ("FMLA").

2. On February 4, 2014, Freelain filed the Second Amended Complaint ("Complaint") against the Village and Sergeant Dina Vardal, also a Village employee.

3. Count I alleges that the Village retaliated against Freelain for taking a leave of absence pursuant to the FMLA by sending him to a fitness-for-duty exam and failing to classify certain absences as arising from work-related events, among other things.

4. Count II alleges that the Village interfered with Freelain's right to take FMLA leave by engaging in the above-described conduct.

5. Count III alleges that the Village discriminated against Freelain on the basis of his disability or perceived disability in violation of the *Americans with Disabilities Act* ("ADA") by threatening him with discipline, sending him to a fitness-for-duty exam, failing to classify certain absences as arising from work-related events, and not offering him light duty.

6. Count IV alleges that the Village retaliated against Freelain in violation of the ADA by engaging in the conduct described in paragraphs 3 and 5, above.

7. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Village is entitled to summary judgment on Counts I through IV of the Second Amended Complaint because there are no genuine issues of material fact that:

    a. Plaintiff cannot establish a *prima facie* case of discrimination on the basis of disability or perceived disability, or retaliation under the FMLA or the ADA, nor can he establish discrimination or retaliation by direct evidence;

    b. The Village had legitimate business reasons for the acts about which Freelain complains, and which he cannot rebut;

    c. Freelain cannot establish that the Village interfered with his right to take FMLA leave because the Village granted each and every one of his requests for leave.

8. The Village's Statement of Undisputed Material Facts and its Memorandum of Law in Support of the Motion for Summary Judgment on Counts I through IV are filed contemporaneously with this Motion.

WHEREFORE, the VILLAGE OF OAK PARK respectfully requests that this Honorable Court grant this Motion for Summary Judgment on Counts I, II, III and IV, enter judgment in its favor and against Freelain on the Second Amended Complaint, and grant such other and further relief as is just and appropriate.

    Respectfully submitted,

    THE VILLAGE OF OAK PARK

    By: /s/ Rachel E. Lutner
          One of their Attorneys

Stephen R. Miller (6182908) smiller@robbins-schwartz.com
Nikoleta Lamprinakos (6274018) nlamprinakos@robbins-schwartz.com
Rachel E. Lutner (6225505) rlutner@robbins-schwartz.com
ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.
55 West Monroe Street, Suite 800
Chicago, Illinois 60603
Ph: 312/332-7760
502988v1

**CERTIFICATE OF SERVICE**

      I, Rachel E. Lutner, the undersigned attorney, hereby certify that the foregoing Motion for Summary Judgment was presented to the United States District Court for the Northern District of Illinois, Benton Division, for filing and uploading to the ECF system, and whereby I served the foregoing upon the attorney(s) of record this 2nd day of October, 2015.

                                      /s/ Rachel E. Lutner
                                        Rachel E. Lutner